IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SERVICE EMPLOYEES INTERNATIONAL   :
UNION LOCAL 32BJ, DISTRICT 36, ET AL. :
                                  :   CIVIL ACTION
          v.                      :
                                  :   NO. 16-3374
SHAMROCKCLEAN INC.                :

## MEMORANDUM

**SURRICK, J.**                                              **DECEMBER  9 , 2016**

Presently before the Court is Plaintiffs' Motion for Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 4.) For the following reasons, Plaintiffs' Motion will be granted.

**I.     BACKGROUND**

Plaintiffs are an unincorporated labor organization under the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1, ECF No. 1.) Defendant ShamrockClean Inc. is a corporation that engages in commerce within the meaning of LMRA, and that has "employed members of the Plaintiff Union pursuant to a collective bargaining agreement." (*Id*. ¶ 4.) Plaintiffs assert that the collective bargaining agreement required Defendant to pay fringe benefit contributions to the Plaintiff Funds and Plaintiff Union. (*Id*. ¶ 8.) Plaintiffs' members are beneficiaries of this collective bargaining agreement, which qualifies as a benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3). (*Id*. ¶ 1.)

Plaintiffs claim that Defendant failed to pay the required contributions from December 2015 to the present date, resulting in delinquency payments. (*Id*. ¶ 10.) Plaintiffs seek to recover

the delinquency payments, along with the interest accrued, liquidated damages, reasonable attorney's fees and costs, and an accounting of all amounts due to Plaintiffs. (*Id*. ¶¶ a-f.)

On June 24, 2016, Plaintiffs filed their Complaint against Defendant. The record shows that Defendant was served with the Complaint on August 1, 2016. (Return of Service, ECF No. 2.) Defendant has not responded to the Complaint in the form of an answer or a motion, nor has it made any appearance before this Court. On August 25, 2016, Plaintiffs made a request for entry of default pursuant to Fed. R. Civ. P. 55(a), and default was entered by the Clerk of Court. (Pls.' Req., ECF No. 3.) On August 26, 2016, Plaintiffs filed the instant Motion for Default Judgment against Defendant. (Pls.' Mot., ECF No. 4.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides that a federal district court may enter default judgment against a party when default has been entered by the Clerk of Court. However, the entry of a default by the Clerk of Court does not automatically entitle the non-defaulting party to a default judgment. *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (citing *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005)). It is within the sound discretion of the district court to determine whether to enter default judgment against a party. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

## III.    DISCUSSION

Before this Court can grant a motion for default judgment, we must determine (A) if there is sufficient proof of service, (B) if Plaintiffs stated a sufficient cause of action, and (C) if default judgment would be appropriate in this case. *Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012).

A.     **Proof of Service**

"Before a court can enter default judgment against a defendant, it must find that process was properly served on the defendant." *Id.* at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). Because Defendant is a corporation, it can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). On August 1, 2016, Plaintiffs served William Shanahan with a copy of Plaintiffs' Summons and Complaint. (Return of Service 1.) Mr. Shanahan is a registered agent and manager of Defendant corporation. (*Id.*) Service of process was proper.

B.     **Cause of Action**

Next, we must determine whether the Complaint establishes a legitimate cause of action against Defendant. *Einhorn v. Klayman Produce Co.*, No. 13-1720, 2013 WL 6632521, at *2 (E.D. Pa. Dec. 17, 2013). Plaintiffs' Complaint alleges that Defendant violated its collective bargaining agreement with Plaintiffs by failing to remit fringe benefit contributions to the Plaintiff Funds and Plaintiff Union. (Compl. ¶ 10.) Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Trustees are permitted to sue an employer under ERISA if the employer fails to make the required contributions. *New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Pulaski Const.*, No. 13-519, 2014 WL 793563, at *2 (D.N.J. Feb. 26, 2014). If an employer fails to make the required contributions, a court shall award the plaintiff "(1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the (a) interest on

3

the unpaid contributions, or (b) liquidated damages; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate." *Peterson v. Boyarsky Corp.*, No. 08-1789, 2009 WL 983123, at *3 (D.N.J. Apr. 8, 2009) (citing 29 U.S.C. § 1132(g)).

Here, the Complaint states that Defendant is a corporation engaged in commerce within the meaning of the LMRA, and that Defendant has "employed members of Plaintiff Union pursuant to a collective bargaining agreement." (Compl. ¶¶ 5, 6.) Plaintiff Wayne MacManiman, Jr. is a trustee of the Plaintiff Funds and is permitted to bring suit on behalf of all Plaintiff Funds under ERISA. (*Id*. ¶ 2.) Plaintiffs' Complaint alleges that Defendant is required to "remit fringe benefit contributions to Plaintiff Funds, at rates commensurate with those required under the collective bargaining agreements, for all hours worked" and alleges that Defendant has failed to remit such benefit contributions. (*Id*. ¶¶ 9, 10.) Accordingly, Plaintiffs have properly asserted a legitimate cause of action against Defendant.

### C.  Appropriateness of Default Judgment

We must now determine whether default judgment would be appropriate in this case. The Clerk of Court must enter the party's default under Federal Rule of Procedure 55(a) before the court can enter a default judgment under Rule 55(b)(2). *Einhorn*, 2013 WL 6632521, at *3 (citing *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006)). The Clerk of Court entered a default against Defendant on August 26, 2016. In determining whether this Court should grant a motion for default judgment, we must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

With regard to the first factor, Defendant has not made any appearance in this action, which continues to cause prejudice to Plaintiffs. *Einhorn*, 2013 WL 6632521, at *4. Plaintiffs initially filed their Complaint on June 24, 2016, and Defendant has not made any appearance or filed any document with this Court since it was served with Plaintiffs' Complaint on August 1, 2016. As a result, Plaintiffs have incurred the additional costs of filing and briefing the present Motion, and have been delayed in receiving relief in the form of benefit contributions to the Plaintiff Funds and Plaintiff Union. *Id.*; *see also Trustees of the Nat. Elevator Indus. Pension Plan v. Universal Elevator Corp.*, No. 11-3381, 2011 WL 5341008, at *3 (E.D. Pa. Nov. 3, 2011) (holding that the plaintiffs would suffer prejudice if the court denied the motion for default judgment because the plaintiffs were not receiving the payments that were owed to them). Plaintiffs have suffered prejudice as a result of Defendant's inaction.

With regard to the second factor, we find no evidence in the record which suggests that Defendant has a litigable defense. Because "the onus is on Defendant[] to respond," this Court will "interpret Defendant['s] silence as proof that [it] has no litigable defense." *Universal Elevator*, 2011 WL 5341008, at *3. Defendant has not asserted a meritorious defense in this case by either filing an answer, filing a motion, or filing a response to Plaintiffs' instant motion. *Einhorn*, 2013 WL 6632521, at *4. Absent any defense, we can identify no facts that would bar recovery for Plaintiffs at trial. *Id.*

With regard to the third factor, Defendant received service of the Complaint months ago and it has done nothing. We find that Defendant's delay is due to its own culpable conduct. Culpable conduct pertains to actions that are taken "willfully or in bad faith." *E. Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 606 (E.D. Pa. 2009) (citations and quotation marks omitted). A defendant's decision not to defend itself or make any appearance

before a court without justification or excuse is considered willful. *Innovative Office Prods., Inc. v. Amazon.com, Inc.*, No. 10-4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). Clearly, Defendant must accept responsibility for its failure to act. Plaintiff is certainly entitled to a default judgment under these circumstances.

ERISA provides that when an employer fails to make contributions, the court is required to award the following: the unpaid contributions, interest accrued on the unpaid contributions, liquidated damages "not in excess of 20 percent," and reasonable attorney's fees and costs. 29 U.S.C. § 1132 (g)(2); *see also Einhorn*, 2013 WL 6632521, at *5 ("The delinquent contribution provisions of ERISA provide that certain remedies are mandatory . . . includ[ing] interest on the unpaid contributions; the greater of the accrued interest or an amount not in excess of 20% of the principle due; and reasonable attorney's fees and costs of the action." (citation and quotations omitted)). We find that Plaintiffs are entitled to the aggregate sum of $18,344.71.

Defendants must pay Plaintiffs the principal amount of $13,683.21, representing the amount of unpaid contributions to Plaintiff Funds and Union. Plaintiffs are also entitled to pre-judgment interest in the amount of $415.76[1] and liquidated damages amounting to $2,045.74.[2] (Pls.' Mot. 1.) Plaintiffs also request $2,200 for the attorney's fees and the costs associated with this lawsuit. (Botta Decl. 2.) Plaintiffs did not specify the exact number of hours the attorney(s) worked on this case, nor did Plaintiffs provide a breakdown of the costs associated with the litigation. *See Washington v. Phila. Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (holding that when calculating reasonable attorney's fees, a court should multiply the number of hours expended on the litigation by a reasonable hourly rate). However, while

---

[1] Plaintiffs calculated the post-judgment interest at a rate of 4 percent. (Botta Decl. 2, ECF No. 4-1.)

[2] Plaintiffs calculated liquidated damages at a rate of 15 percent. (Action by Unanimous Consent of the Trustees 1., ECF No. 4-2.)

Plaintiffs did not provide specifics, we know that Plaintiffs' attorney(s) had to prepare and file the Complaint in this case, serve the complaint on Defendant, file a Request for Default, and file the instant Motion for Default Judgment. Moreover, in the Motion for Default Judgment, Plaintiffs did advise that counsel fees were billed at a rate of $250 per hour and paralegal fees were billed at a rate of $95 per hour. (Botta Decl. 2.) We are satisfied that attorney's fees and costs in the amount of $2,200 is perfectly reasonable, given the services performed in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment will be granted.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**
